### FOOT v. FOOT.

Equity will not interpose to relieve against the negligence of the petitioner.

ERROR to reverse a decree in chancery of the County Court, in a petition John Foot v. Timothy Foot; alleging that Timothy prosecuted him for a forgery; that the jury on Saturday brought in their verdict, that he was guilty, which was recorded by the court; that a motion in arrest was made and exhibited to the court, and the cause laid over to the Tuesday following; that said Timothy under the cloak of fraternal love and tenderness, advised the petitioner to settle the matter, and save himself and family from the disgraceful punishment of the pillory, and offered that he would settle for a small matter; that he went home and advised with his family and friends, who in tears, advised him to settle by all means.    And that he returned to court on Tuesday, fully determined to settle with his brother at all events; when to his great surprise his brother asked him the enormous sum of £60 lawful money, and threatened to prosecute him with rigor, unless he would settle and give him this sum.    The petitioner being ignorant of said motion in arrest, did settle and gave said Timothy £50 lawful money, and secured it by seven pound notes, when in fact said verdict would have

been arrested, and said Timothy would finally have recovered nothing against him in said prosecution: Wherefore he prays the court to inquire into the facts, and order and decree said notes to be given up.

Plea in abatement — That the petition contains no sufficient grounds for chancery to interpose.

Judgment — Plea sufficient.

Error assigned — That said plea ought to have been judged insufficient.

Judgment affirmed — The whole ground laid in this petition, for the interposition of equity is, that the petitioner was ignorant of said motion in arrest, when he settled; which by his own showing, was his own fault and negligence; for he returned to court on Tuesday, and did or might have advised with his counsel before he settled.